UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:06CV1077 RWS |
| JOE SCHULTE CONSTRUCTION COMPANY, INC., | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Fringe benefit funds affiliated with Plaintiffs Carpenters' District Council of Greater St. Louis brought this action before me seeking the collection of delinquent contributions pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Because Defendant Joe Schulte Construction Company, Inc. has not responded to the summons and complaint, Plaintiffs are entitled to a default judgment in the amount of $8,685.79.

*Background*

Defendant Joe Schulte Construction Company, Inc. ("Joe Schulte")was a party to a collective bargaining agreement with the Carpenters' District Council of Greater St. Louis (the "Carpenters"), which required Joe Schulte to make contributions to the Carpenters employee benefit funds. Joe Schulte failed to make fringe benefit contributions mandated by these agreements for the months of January and February 2006. The total amount of contributions owed for January and February 2006 is $6,036.70.

In addition, Custom Closets is liable for liquidated damages and interest. The collective

bargaining agreement required the payment of 20% liquidated damages and 10% annual interest on delinquent contributions. Pursuant to this provision, Joe Schulte now owes liquidated damages of $1,207.34, and interest of $503.45.

The present lawsuit was filed on July 17, 2006. A return of summons indicates that Joe Schulte was served with the summons and complaint on July 17, 2006. Joe Schulte never filed an answer or other responsive pleading. On November 14, 2006, the Clerk of Court filed an Entry of Default. Pending before me is Plaintiff Carpenters District Counsel's motion for default judgment.

*Analysis and Calculation*

The relief sought in this matter is the payment of certain fringe benefit contributions which are covered under ERISA, 29 U.S.C. § 1132. Section 1132(g)(2) mandates the award of the relief requested by the Carpenters. The statute provides as follows:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of -
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate
> For purposes of this paragraph, interest on unpaid

>contributions shall be determined by using the rate provided under the plan, or, if non, the rate prescribed under section 6621 of Title 26.

These provisions are mandatory. See, e.g., <u>Operating Engineers Pension Fund. v. Beck Engineering & Surveying Co.</u>, 746 F.2d 557 (9th Cir. 1984). Pursuant to 29 U.S.C. §1132(g)(2)(A), the Carpenters are entitled to a judgment of $6,036.70 for delinquent contributions. Pursuant to U.S.C. §1132(g)(2)(C) and the parties' collective bargaining agreement, the Funds are entitled to an award of 20% liquidated damages and 10% interest on contributions owed under that agreement. These amounts total $1,207.34 in liquidated damages and $503.45 in interest. Finally, ERISA at U.S.C. §1132(g)(2)(D) requires delinquent employers to pay the Funds' attorneys' fees and court costs. The Carpenters have incurred $540.00 in attorneys' fees and $398.30 in court costs.

Thus, Plaintiffs are entitled to a total judgment of $8,685.79.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Default Judgment [#6] is **GRANTED**.

A separate judgment will be entered in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2006.